**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JEANETTE ZIROGIANNIS, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  vs.<br><br>MEL S. HARRIS AND ASSOCIATES LLC, a New York Limited Liability Company,<br><br>     Defendant. | CASE NO.:  2:12-cv-00680-JFB-ARL<br><br>__CLASS ACTION__<br><br>__FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT__<br><br>__DEMAND FOR JURY TRIAL__ |

## I.  PRELIMINARY STATEMENT

1. Plaintiff, JEANETTE ZIROGIANNIS, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant, MEL S. HARRIS AND ASSOCIATES LLC ("Defendant" or "MEL HARRIS, LLC"), who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Such practices include, *inter alia*, sending written collection communications that contain false, deceptive, and misleading representations.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress

enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.      The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer 15 U.S.C. § 1692e(10).

7.      The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendant.

## II.  PARTIES

8.      ZIROGIANNIS is a natural person.

9.      At all times relevant to this complaint, ZIROGIANNIS was a citizen of and resided in the Town of Babylon, Suffolk County, New York.

10.     At all times relevant to this complaint, HEL HARRIS, LLC is a for-profit Limited Liability Company existing pursuant to the laws of the State of New York. MEL HARRIS, LLC maintains its principal business address at 5 Hanover Square, 8th Floor, New York, New York 10004.

## III.  JURISDICTION & VENUE

11.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district, and because MEL HARRIS, LLC resides in this federal judicial district and is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING PLAINTIFF

13.     Sometime prior to February 11, 2011, Plaintiff allegedly incurred a financial obligation. ("Zirogiannis Obligation").

14.     The Zirogiannis Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

15.     Defendant contends that the Zirogiannis Obligation is in default.

16.     The alleged Zirogiannis Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

17.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     The Plaintiff is informed and believes, and on that basis alleges, that sometime prior to February 11, 2011, the creditor of the Zirogiannis Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to MEL HARRIS, LLC for collection.

19.     MEL HARRIS, LLC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

20.     MEL HARRIS, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21.     In an attempt to collect the Zirogiannis Obligation, MEL HARRIS, LLC sent Plaintiff a letter dated May 31, 2011 ("5/31/11 Letter"). A true and correct copy of the 5/31/11 Letter is attached hereto as ***Exhibit A***.

22.     The 5/31/11 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23.     Plaintiff presumed that the 5/31/11 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of his account, as there was neither a disclosure nor any admonition indicating otherwise.

24.     Although the 5/31/11 Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

25.     The 5/31/11 Letter states the following:

> "Our client has authorized us to accept any reasonable settlement amount in order to satisfy this debt in full. One-lump payment settlements will

-4-

create the largest savings for you. We will also accept offers of partial payment settlements. The only requirement is that you call this office within ten (10) days after receipt of this letter to discuss how much money you will be saving. After this time frame has elapsed, we will no longer be permitted to help you save money."

26.     The foregoing statement constitutes a false, deceptive, and misleading "onetime, take it or leave it" settlement offer insofar as the Defendants will always accept, at anytime, a lower amount to settle the alleged debt.

## V.  POLICIES AND PRACTICES COMPLAINED OF

27.     It is Defendant's policy and practice to send consumers written communications, in the form attached as *Exhibit A*, that violate the FDCPA by, *inter alia*, using false, deceptive, or misleading representations or means in connection with the collection of any debt.

28.     On information and belief, the written communications, in the form attached as *Exhibit A*, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the thousands.

## VI.  CLASS ALLEGATIONS

29.     This action is brought as a class action. Plaintiff brings this action on behalf of herself, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30.     With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York, (b) to whom Defendant sent a written communication in the form attached as *Exhibit A*, (c) in connection with Defendant's attempt to collect a debt, (d) which written communications violate the FDCPA, (e) during a period beginning one year prior to the filing of this initial complaint and ending 21 days after the filing of this Amended Complaint.

31.     The identities of all class members are readily ascertainable from the records of MEL HARRIS, LLC and those business entities on whose behalf it seeks to collect debts.

32.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

33.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692e(10).

34.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

35.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

36.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692e(10).

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

37.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

39.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

40.     Defendant violated the FDCPA with respect to its written communications in the form attached as *Exhibit A*; those violations include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

(b)     Making false, deceptive, and misleading statements in an attempt to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and 1692e(10).

## VIII.  PRAYER FOR RELIEF

41.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION**:

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously

set forth and defined above;

(ii)     An award of the maximum statutory damages for Plaintiff and the Plaintiff Class

         pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

         1692k(a)(3); and

(iv)     For such other and further relief as may be just and proper.

<u>**IX. JURY DEMAND**</u>

Plaintiff hereby demands that this case be tried before a Jury.

DATED:        Fresh Meadows, New York
              May 7, 2012

                                          *s/ William F. Horn*
                                          William F. Horn, Esq. (WH-1070)
                                          LAW OFFICE OF WILLIAM F. HORN
                                          188-01B 71st Crescent
                                          Fresh Meadows, NY 11365
                                          Telephone:  (718) 785-0543
                                          Facsimile:   (866) 596-9003

                                          Robert L. Arleo, Esq. (RA-7506)
                                          LAW OFFICE OF ROBERT L. ARLEO
                                          164 Sunset Park Road
                                          Haines Falls, NY 12436
                                          Telephone:  (518) 589-1016
                                          Facsimile:   (518) 751-1801

                                          *Attorneys for Plaintiff, Jeanette Zirogiannis,*
                                          *and all others similarly situated*

# EXHIBIT "A"

**Mel S. Harris and Associates, LLC**
ATTORNEYS AT LAW
5 HANOVER SQUARE, 8th Floor
NEW YORK, NY 10004
Tel (866)414-7444  (212)571-4900
Fax (212)571-0965

MEL S. HARRIS
DAVID WALDMAN
ARTHUR SANDERS
TT WORTMAN

AMANDA PEREZ
HILARY KORMAN
SPENCER T. McCORD

JEANETTE ZIROGIANNIS

BABYLON, NY 11702



Your Account Representative is:Mr. Simmons at ext.3229

05/31/2011          ID. 1047292-2
Re: LR CREDIT 22, LLC ASSIGNEE OF: CHASE BANK USA NA
Ref #: 4305870389631
Total Due: $17,224.21

Dear JEANETTE ZIROGIANNIS;

Our client has asked us to convey to you an exciting way for you to **SAVE MONEY** and liquidate the above balance which is significantly past due.

*Our client has authorized us to accept any reasonable settlement amount in order to satisfy this debt in full.* One-lump payment settlements will create the largest savings for you. We will also accept offers of partial payment settlements.

The only requirement is that you call this office within ten (10) days after receipt of this letter to discuss how much *money you will be saving*. After this time frame has elapsed, we will no longer be permitted to help you *save money.*

Our representatives are here from 8:00 am - 5:00 pm to assist you in this matter and confirm in writing to you any agreed settlement plan.

Sincerely,

Mel S. Harris & Associates, L.L.C.
By: Mel S. Harris, Esq.

This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used for that purpose.