**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――x

JEANETTE ZIROGIANNIS, individually and
on behalf of all others similarly situated,

                              Plaintiff,

         vs.

MEL S. HARRIS AND ASSOCIATES LLC, a
New York Limited Liability Company,

                       Defendant.

―――――――――――――――――――――――x

CASE NO.:  2:12-cv-00680-JFB-ARL

**MEMORANDUM OF LAW IN SUPPORT**
**OF CONSENT MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS**
**SETTLEMENT AGREEMENT**

       Plaintiff, JEANETTE ZIROGIANNIS ("Plaintiff"), individually, and as representative of

the class of persons defined below in ¶ 4(a) ("Settlement Class"), and Defendant, MEL S.

HARRIS & ASSOCIATES, LLC ("Defendant" or "MEL S. HARRIS"), jointly request that this

Court enter an order which (i) preliminarily approves the Class Settlement Agreement

("Agreement") attached as Exhibit A; (ii) certifies for settlement purposes the Settlement Class

as defined in Paragraph 8 of the Agreement; (iii) appoints William F. Horn and Robert L. Arleo

as Class Counsel; (iv) appoints Plaintiff, JEANETTE ZIROGIANNIS, as representative of the

Settlement Class; (v) sets dates for Settlement Class members to opt-out of, or object to, the

Agreement; (vi) schedules a hearing for final approval of the Agreement; (vii) approves the

mailing of notice to Settlement Class members in the form of Exhibit 1 to Exhibit A; and, (viii)

finds that the mailing of such notice satisfies the requirements of due process. A copy of the

proposed preliminary approval order is attached as Exhibit 2 to Exhibit A.

       1.     Plaintiff alleges that Defendant engaged in false and misleading collection

practices, and thereby violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§§1692, *et seq*., by making the following statements in its collection letters sent to Plaintiff and the Settlement Class:

> "Our client has authorized us to accept any reasonable settlement amount in order to satisfy this debt in full. One-lump payment settlements will create the largest savings for you. We will also accept offers of partial payment settlements. The only requirement is that you call this office within ten (10) days after receipt of this letter to discuss how much money you will be saving. After this time frame has elapsed, we will no longer be permitted to help you save money."

2.      After extensive arms-length discussion, the Parties reached an agreement to settle the claims of Plaintiff and the Settlement Class, as set forth in the Agreement, attached hereto as Exhibit A.

3.      Counsel for the Parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsels' review and analysis, the Parties have entered into the Agreement.

4.      The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

(a)      Settlement Class Certification. The Parties have stipulated to certification of the following class for settlement purposes only.

(i) all persons with addresses in the State of New York (ii) to whom Defendant mailed a collection letter in the form attached as Exhibit A to Plaintiff's amended complaint (iii) that states Defendant is not permitted to help the person save money if they fail to call Defendant within ten days after receipt of the letter (iv) made in connection with Defendant's attempt to collect a debt (v) during a period beginning on February 10, 2011, and ending on May 28, 2012.

Defendant has determined, based on its electronic records, that there are 7,324 people in the Settlement Class.

(b)     <u>Relief to Plaintiff</u>. Defendant agrees to pay Plaintiff $1,000.00 for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $1,500.00 in recognition for her services to the Settlement Class.

(c)     <u>Settlement Class Recovery</u>. Defendant will create a class settlement fund of $5,508.09, which represents the maximum class recovery permitted under the FDCPA (i.e. 1% of Defendant's net worth), which shall be paid as a *cy pres* payment to one or more charitable organizations without any religious or political affiliations. Plaintiff proposes that the recipient of the *cy pres* payment will be the Legal Aid Society of New York, which is a statewide organization that provides assistance to low-income and vulnerable New York residents on issues involving, *inter alia*, consumer fraud, debt collection, and consumer finance. The Plaintiff's foregoing choice of *cy pres* recipient is, however, subject to the Court's final approval and may be challenged by Defendant at the Final Fairness Hearing.

(d)     <u>Attorneys' Fees and Costs</u>. Subject to the Court's approval, Defendant shall pay $40,000.00 to Class Counsel for their attorneys' fees and costs incurred with respect to the Litigation.

(e)     <u>Settlement Class Notice</u>. Within 30 days of entry of the Preliminary Approval Order, Defendant shall cause actual notice, in the form of <u>Exhibit 1</u> to the Agreement, to be mailed to the last known addresses of the members of the Settlement Class, according to Defendant's records. The Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses and if a notice is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Neither the Class Administrator, nor Defendant, nor Plaintiff is required to skip trace any letters that are returned as undeliverable.

(f)     <u>Settlement Class Members' Right to Opt Out</u>. Any Settlement Class member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class member who opts out of the Settlement Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement.

5.      The FDCPA caps a class's recovery at 1% of the debt collector's net worth. Given the size of the Settlement Class and the maximum class recovery of statutory damages permitted by law, payment to each Settlement Class Member of his or her *pro rata* share of statutory damages would arguably be *de minimis* (i.e., $0.75 per class member) and, therefore, impractical. Based upon the financials that Defendant has provided to Class Counsel during discovery and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in

the best interest of the Settlement Class in light of the fact that Defendant is paying the maximum amount of class damages available under the FDCPA and that each Settlement Class Member will receive direct mail notice advising them of their right to object or opt-out of the settlement. Thus, the Court should approve the Agreement.

6.      During discovery Defendant also disclosed information relevant to the requirements of Fed. R. Civ. P. 23, including the size of the putative FDCPA class, which the Parties have relied upon in reaching the Agreement and in bringing this motion. The proposed Agreement meets all of the requirements of Rule 23:

(a)     <u>Numerosity</u>. The Settlement Class, having 7,324 members, satisfies the numerosity requirement. of Rule 23(a)(1). *See Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) (70 class members sufficient); see also, *Mathis v. Bess*, 138 F.R.D. 390, 393 (S.D.N.Y. 1991) (joinder impracticable based solely on fact that class had 120 members); *see also*, Newberg on Class Actions, 3rd Ed. Sec. 3.05, at 3-25.

(b)     <u>Commonality</u>. "The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement); see also, *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The Settlement Class members have identical legal claims based upon a <u>standardized</u> collection letter sent by Defendant.

(c)     <u>Typicality</u>. The "typicality" requirement of Rule 23(a)(3) is satisfied for the reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). See also, *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (if same conduct is directed toward named plaintiff and putative class members, minor factual differences will not defeat typicality)

(d)     <u>Adequacy of Representation</u>. Plaintiff's counsel is experienced in class action and FDCPA litigation. In addition, Plaintiff has no interests which are antagonistic to the Settlement Class members. Therefore, Plaintiff and her counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4). Affidavits of William F. Horn and Robert L. Arleo are respectively attached hereto <u>Exhibits B & C</u>, which outline their qualifications to serve as Class Counsel.

(e)     <u>Predominance and Superiority</u>. Class certification is appropriate under Rule 23(b)(3) where (1) common questions of law or fact predominate over individual

questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Both of these requirements are satisfied in the present case.

7. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings, including any motion for class certification, in this or any other litigation, or in any manner whatsoever.

8. Plaintiff and Defendant request that the Court set the following schedule for the proposed Agreement:

(a) Class Notice (Exhibit 1 to Exhibit A) is to be mailed within thirty (30) days of entry of the Preliminary Approval Order;

(b) Settlement Class members shall have until 45 days after the initial mailing of the notice to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. The request for exclusion or objection must be postmarked by a date 45 days after the initial mailing of the class notice.

(c) form will be sent with the class notice.

(d) A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by counsel for the Settlement Class will be held before this Court on a date at least seventy-five (75) days from the entry of the preliminary approval order.

10. In the event that there is any conflict between any provision of this Motion and the Settlement Agreement between the Parties, the Parties intend for the Settlement Agreement to control, subject to Court approval.

**WHEREFORE**, the Parties respectfully request that the Court enter an order in the form of Exhibit 2 to the Agreement, which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Exhibit A; (ii) certifies for settlement purposes the Settlement Class as defined in paragraph 9 of the Agreement; (iii) appoints William F. Horn and Robert L. Arleo as Class Counsel; (iv) appoints Plaintiff as representative of the Settlement Class; (v) sets dates for Settlement Class members to opt-out of, or object to, the Agreement; (vi) schedules a hearing for final approval of the Agreement; (vii) approves the mailing of notice to Settlement Class members in the form of Exhibit 1 to Exhibit A, and (viii) finds that the mailing of such notice satisfies the requirements of due process.

Respectfully submitted this 12th Day of December 2012.

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003

Robert L. Arleo, Esq. (RA-7506)
LAW OFFICE OF ROBERT L. ARLEO
380 Lexington Avenue, 17th Floor
New York, NY 10168
Telephone: (212) 551-1115
Facsimile: (518) 751-1801

*Attorneys for Plaintiff, Jeanette Zirogiannis, and all others similarly situated*