FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ JAN 15 2013 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**    x

JEANETTE ZIROGIANNIS, individually and
on behalf of all others similarly situated,

                Plaintiff,

vs.

MEL S. HARRIS AND ASSOCIATES LLC, a
New York Limited Liability Company,

                Defendant.
                                    x

CASE NO.: 2:12-cv-00680-JFB-ARL

**PRELIMINARY APPROVAL ORDER**

The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, JEANETTE ZIROGIANNIS ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, MEL S. HARRIS & ASSOCIATES, LLC ("Defendant").

**WHEREFORE,** with respect to certifying this action as a class action for settlement purposes the Court finds:

    A.    The Settlement Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Settlement Class.

    C.    The individual claims of Plaintiff are typical of the claims of the Settlement Class;

    D.    Plaintiff is an appropriate and adequate representative for the Settlement Class;

    E.    The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

    F.    A class action is superior to other methods for fairly and efficiently settling this controversy;

G. With respect to the appointment of Settlement ClassCounsel under Fed.R.Civ.P. 23(g), the Court finds, after consideration of the factors described in Fed.R.Civ.P. 23(g)(1)(A), Plaintiff's counsel, William F. Horn and Robert L. Arleo, will fairly and adequately represent the interests of the Settlement Class;

H. With respect to the proposed Agreement, after consideration of the Agreement attached as *Exhibit A* to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I. and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED:**

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as (i) all persons with addresses in the State of New York (ii) to whom Defendant mailed a collection letter in the form attached as Exhibit A to Plaintiff's amended complaint (iii) that states Defendant is not permitted to help the person if they fail to call Defendant within ten days after receipt of the letter (d) made in connection with Defendant's attempt to collect a debt (e) during a period beginning on February 10, 2011, and ending on May 28, 2012.

    (b) defines the "Class Claims" as those claims arising from Defendant's collection letter attached as Exhibit A to Plaintiff's complaint in this action [Doc. 1], wherein Defendant advises consumers that Defendant is not permitted to help the consumer if they fail to call Defendant within ten days after receipt of the letter;

2

  (c) appoints Plaintiff as the Class Representative; and

  (d) appoints Plaintiff's counsel, William F. Horn and Robert L. Arleo, as Class Counsel.

2. The Court approves the Parties' proposed Class Notice and directs it be mailed to the last known address of the Settlement Class members as shown in Defendant's records. Defendant will cause the Class Notice to be mailed to Settlement Class members on or before _February 14_, ~~2012~~ 2013 (thirty (30) days after entry of the preliminary approval order). Defendant will have the notice sent by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Settlement Class members shall have until _April 2_, ~~2012~~ 2013 (the first business day after the 45th day after the initial mailing of the Class Notice) to exclude themselves from or object to the proposed settlement. Any Settlement Class members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Settlement Class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of New York, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that proposed settlement is not in the best

3

interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of a settlement. To be effective, the request for exclusion or objection must be postmarked by __April 2__, __2013__ ~~2012~~.

5. In order to receive a portion of the cash payment under the settlement, the Settlement Class members must complete, return to the settlement administrator, and postmark a claim form by __April 2__, __2013__ ~~2012~~ (the first business day after the 45th day after the initial mailing of the class notice). The claim form will be sent with the Class Notice.

6. Defendant shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on __May 3__, __2013__ ~~2012~~ at __1:30__ p.m.

1/15/13

IT IS SO ORDERED.

_____
HONORABLE JOSEPH F. BIANCO
Judge, United States District Court
Dated:

4